

## CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Board of Trustees of the Clerks and Lumber Handlers Pension Fund

### DEFENDANTS
Piedmont Lumber & Mill Company, a California corporation

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Trucker Huss
100 Montgomery Street, 23rd Floor
San Francisco, CA 94104
(415) 788-3111

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 502 and 515 of the Employee Retirement Income Security Act of 1979
Brief description of cause:
Delinquent Pension Fund contributions pursuant to Collective Bargaining Agreement.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE
April 23, 2010

SIGNATURE OF ATTORNEY OF RECORD

Clarissa A. Kang, SBN 210660
Michelle L. Schuller, SBN 255787
TRUCKER ✦ HUSS
A Professional Corporation
100 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: ckang@truckerhuss.com
mschuller@truckerhuss.com

Attorneys for Plaintiffs Board of Trustees
of the Clerks and Lumber Handlers Pension
Fund



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE CLERKS AND LUMBER HANDLERS PENSION FUND,

Plaintiffs,

vs.

PIEDMONT LUMBER & MILL COMPANY, INC.

Defendant.

Case No. CV 10 1757

**COMPLAINT FOR VIOLATION OF ERISA**

Plaintiff Board of Trustees of the Clerks and Lumber Handlers Pension Fund (the "Board") alleges for its complaint against Defendant Piedmont Lumber & Mill Company, Inc. ("Piedmont Lumber"), as follows:

**JURISDICTION AND VENUE**

1. This case arises under Section 302 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 186, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145. This Court has jurisdiction of actions brought under these statutes pursuant to 28 U.S.C. § 1331 and ERISA § 502(e), 29 U.S.C. § 1132(e).

2. Venue is proper in this district and division as the employee benefits plan relevant to this case, the Clerks and Lumber Handlers Pension Plan (the "Plan"), is administered in this

COMPLAINT FOR VIOLATION OF ERISA; Case No.     1

#1070725

judicial district and payment of contributions to the Clerks and Lumber Handlers Pension Fund (the "Pension Fund") is also made within this judicial district. Venue is further proper as the Defendant Piedmont Lumber resides and does business within this judicial district as well.

### INTRADISTRICT ASSIGNMENT

3. Assignment within this judicial district to the San Francisco and Oakland Division is proper under Civil Local Rule 3-2 of this Court because the Plan is administered in Alameda County and payment of contributions and premiums is also made to the Plan's administrative offices in Alameda County.

### PARTIES

4. Plaintiff is, and at all relevant times was, the plan administrator and plan sponsor for the Plan. Plaintiff brings this action as a fiduciary for the Plan. The Plan is, and at all relevant times was, a multiemployer plan and employee benefit plan within the meaning of ERISA § 3(2), 3(3), and 3(37), 29 U.S.C. § 1102(1) or 1102(2), 1102(3), and 1102(37). The Plan is governed by ERISA.

5. Upon information and belief, Defendant Piedmont Lumber is a corporation that has its principal place of business in the state of California, and is, and at all relevant times was, an employer that participates in the Plan. Piedmont Lumber is a participating employer under the Trust Agreement of the Clerks and Lumber Handlers Pension Fund (the "Trust Agreement").

### BACKGROUND ALLEGATIONS

6. Defendant Piedmont Lumber, which is one of several employers that are part of the Lumber and Mill Employers Association, entered into a collective bargaining agreement with the Clerks and Lumber Handlers Local 886, which was effective July 1, 1996, as amended (the "CBA").

7. The CBA obligates Piedmont Lumber to, among other things, pay to the Pension Fund a set rate for every hour worked by its employees, which is referred to as the "Required Contribution Rate." In 2009, the Required Contribution Rate was thirty cents ($.30) for every hour worked by its employees. In 2010, the Required Contribution Rate increased to forty cents ($.40) for every hour worked.

1    8. The CBA binds Piedmont Lumber to the provisions of the Trust Agreement.

2    9. Under Article III, Section 1 of the Trust Agreement, participating employers are required to make contributions to the Pension Fund on or before the tenth (10th) day of each month.

10. Pursuant to Article III, Section 1 of the Trust Agreement, participating employers are required to submit contributions covering the hours worked by its employees during the prior month computed at the Required Contribution Rate set forth in the CBA and to submit to the Pension Fund a report of hours worked by its employees for that month.

11. Under Article III, Section 1 of the Trust Agreement, contributions are considered delinquent if due but unpaid after the tenth (10th) day of the month in which the contribution to the Pension Fund is payable.

12. Article III, Section 2 of the Trust Agreement provides that (1) interest on the unpaid contributions at the rate of twelve percent (12%) per annum from the tenth (10th) day of the month in which the contribution became delinquent until the date the contributions are paid to the Pension Fund, and (2) an amount equal to the greater of (a) an amount equal to the interest payable pursuant to (1) herein, or (b) liquidated damages in an amount equal to twenty percent (20%) of the unpaid contributions, are payable to the Pension Fund if a participating employer fails to make the contributions due to the Pension Fund on or before the tenth (10th) day of the month in which they are due.

13. Under Article III, Section 2 of the Trust Agreement, a participating employer becomes liable for attorney's fees incurred by the Pension Fund in connection with a participating employer's delinquency regardless of whether legal or arbitration proceedings are instituted, plus court costs if any. The participating employer is also liable for any audit fees incurred by the Pension Fund in connection with the participating employer's delinquency.

14. ERISA § 515 obligates participating employers under the CBA and Trust Agreement "to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make

such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15. The Board also maintains Contribution and Delinquency Rules and Procedures ("Delinquency Procedures") for the Plan that are provided to all participating employers.

16. The Delinquency Procedures reiterate the delinquency provisions provided for in the CBA and Trust Agreement.

17. The Pension Fund administrator provided a copy of the Delinquency Procedures to Defendant.

18. Defendant has violated ERISA and the terms of the CBA, the Trust Agreement and Delinquency Procedures by failing to make contributions to the Pension Fund from November 2009 through March 2010, and to pay interest and liquidated damages on all delinquent contributions to the Pension Fund from September 2009 through March 2010 as required by under the CBA and the Trust Agreement.

19. Based on the monthly reports of hours worked by Defendant's employees each month, Defendant currently owes the Pension Fund the following:

    a. Approximately $27,068.65 in past due contributions for November 2009 through March 2010;

    b. Approximately $1,157.99 in interest calculated based on an interest rate of twelve percent (12%) from the delinquency date through April 16, 2010 on all past due contributions from September 2009 through March 2010;

    c. All interest that has accrued since April 16, 2010 until the past due contribution amount is paid to the Pension Fund;

    d. Approximately $7,332.43 in liquidated damages calculated based on a liquidated damages rate of twenty percent (20%) from the delinquency date through April 16, 2010 on all past due contributions from September 2009 through March 2010;

    e. All liquidated damages that have accrued since April 16, 2010 until the past due contribution amount is paid to the Pension Fund; and

    f. Attorney's fees and court costs.

|   |   |
|---|---|
| 1 | 20. Upon information and belief, the Board alleges that all employees of Piedmont |
| 2 | Lumber ceased performing work covered under the CBA for which Defendant owes contributions |
| 3 | to the Pension Fund sometime in March 2010. However, in the event that there are employees of |
| 4 | Piedmont Lumber who continued to perform work covered under the CBA after March 2010, |
| 5 | Defendant has an ongoing obligation to contribute to the Pension Fund and is responsible for all |
| 6 | future contributions owed to the Pension Fund pursuant to the terms of the Trust Agreement and |
| 7 | the CBA. |

**CLAIM FOR RELIEF**

**(Violation of ERISA)**

21. Plaintiff realleges, as though set forth fully herein, each and every allegation contained in the foregoing paragraphs.

22. Piedmont Lumber must comply with § 515 of ERISA, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

23. As set forth above, Piedmont Lumber breached its obligations to make contributions, and in so doing, violated the CBA, the Trust Agreement, and the provisions of § 515 of ERISA, 29 U.S.C. § 1145.

24. ERISA requires Piedmont Lumber to pay the contributions due under the CBA and Trust Agreement and further obligates Piedmont Lumber to pay interest on the overdue amounts, liquidated damages, and the Plan's attorney's fees and costs.

25. The Board is further entitled to equitable relief under ERISA in the form of an order compelling Piedmont Lumber to perform and to continue performing its obligations under the Trust Agreement and the CBA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For compensation for delinquent Pension Fund contributions, totaling $27,068.65, covering and concerning hours worked by Piedmont Lumber's employees in November 2009

1 through March 2010, and for any other delinquent Pension Fund contributions incurred as of the
2 date of entry of judgment in this action, if any;

3     B.    For attorney's fees according to proof;

4     C.    For liquidated damages totaling $7,332.43, which is twenty percent (20%) of both:
5 (a) the delinquent and still unpaid contributions from November 2009 through March 2010 as well
6 as (b) the delinquent but eventually paid contributions for September 2009 and October 2009.
7 Defendant is also responsible for any other liquidated damages that have accrued since April 16,
8 2010;

9     D.    For interest totaling $1,157.99, which was calculated at the rate of twelve percent
10 (12%) per annum, commencing from the tenth (10th) day of the month in which the contribution
11 became delinquent and thereafter for: (a) the delinquent and still unpaid contributions from
12 November 2009 through March 2010; (b) the delinquent but eventually paid contributions for
13 September 2009 and October 2009; and (c) liquidated damages. Defendant is also responsible for
14 any other interest that has accrued since April 16, 2010;

15     E.    For an order compelling Piedmont Lumber to perform and continue performing its
16 obligations under the Trust Agreement and the CBA;

17     F.    For an order compelling Piedmont Lumber to submit to an audit by the Plan, at
18 Piedmont Lumber's expense, to determine the extent of Piedmont Lumber's delinquency and
19 ability to make contributions;

20     G.    For the costs of suit; and

21     H.    For such other relief as the Court deems proper.

22 DATED: April 23, 2010

TRUCKER ✦ HUSS

By: /s/ Michelle L. Schuller

Michelle L. Schuller
Attorneys for Plaintiff
BOARD OF TRUSTEES OF THE CLERKS
AND LUMBER HANDLERS PENSION FUND

COMPLAINT FOR VIOLATION OF ERISA; Case No.     6

#1070725